UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARRIE RINEHART,

    Plaintiff,

v.                                                    Case No.:  2:24-cv-349-SPC-NPM

HAMPTON GOLF, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Hampton Golf, Inc.'s Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. 17) and Plaintiff Carrie Rinehart's opposition. (Doc. 22). For the below reasons, the Court denies the Motion.

## BACKGROUND[1]

This is an employment case. Rinehart worked as a server for her former employer, Hampton, from October 2022 until March 22, 2024, when she was terminated. Rinehart brings three claims against Hampton in the operative Amended Complaint: In Counts I and III, Rinehart alleges that Hampton violated the Fair Labor Standards Act (FLSA) when it unlawfully withheld her

---

[1] The Court accepts the facts pled in the Amended Complaint as true on a motion to dismiss. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

tips and when it retaliated against her for complaining of this practice. In Count II, Rinehart brings a state law claim for breach of contract, alleging that Hampton breached the parties' agreement concerning what Rinehart was to be paid. Hampton now moves to dismiss Count II.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

Hampton argues that Rinehart's breach of contract claim must be dismissed because it is preempted by the FLSA, duplicative of Count I, and insufficiently pleaded.

The Court begins with preemption. The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An employer who violates the FLSA is liable to the affected employee for the amount of their unpaid compensation and an additional equal amount as liquidated damages. 29 U.S.C.A. § 216(b). "As a matter of law, a plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim." *Garcia v. Nachon Enters.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016) (quoting *Morrow v. Green Tree Serv'g, L.L.C.*, 360 F. Supp. 2d 1246, 1252 (M.D. Ala. 2005)). However, "the FLSA does not preempt state law contract provisions that are more generous than the FLSA demands." *Freeman v. City of Mobile, Ala.*, 146 F.3d 1292 (11th Cir. 1998).

Here, it would be premature to determine that Rinehart's breach of contract claim is preempted. Rinehart argues in her response that the claim

3

in Count II is broader than the claim for unpaid tips in Count I. (Doc. 22 at 4). This is because the FLSA allows employers to deduct from an employee's tips in certain circumstances, such as tip pooling. It is not clear from the pleading whether Rinehart's tips were reduced in this manner, or in any other way that is permissible under the FLSA. If so, Rinehart's damages would be greater under her alternate breach of contract theory, in which she alleges entitlement to "all tips" she earned as part of her compensation agreed to by Hampton. (Doc. 14 at 7). And, if the contract provides for more generous recovery than the FLSA, the claim is not preempted. *Freeman,* 146 F.3d at 1298; *see also Avery v. City of Talladega, Ala.,* 24 F.3d 1337, 1348 (11th Cir. 1994) (holding that the FLSA does not preempt a state law contractual claim that seeks to recover wages for time that is compensable under the contract but not under the FLSA). Therefore, the Court declines to dismiss Count II as preempted or duplicative. *See* Fed. R. Civ. P. 8(d)(2), (3) (permitting inconsistent and alternative pleading).

Rinehart has also adequately stated a claim for relief. Under Florida law, to state a claim for breach of contract, a plaintiff must plead the existence of a contract, a material breach, and damages. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.,* 985 So.2d 56, 58 (Fla. 4th DCA 2008)). To prove the existence of a contract, a plaintiff must plead offer, acceptance, and consideration with sufficient

4

specification of the essential terms. *Id.* (citing *St. Joe Corp. v. McIver,* 875 So.2d 375, 381 (Fla. 2004)). Rinehart has satisfied these minimum requirements.

Count II alleges simply that the parties agreed Hampton would compensate Rinehart in exchange for her employment with payment of an hourly wage and retention of all tips left to her by customers. (Doc. 14 at 7). She alleges Hampton breached this agreement by failing to pay the agreed-upon compensation, seeking damages for wages owed. (*Id.*). This is sufficient to state a straight-forward claim for breach of contract, be it oral or written.[2] *See Lalic v. CG RYC, LLC*, 2018 WL 5098983, at *7 (S.D. Fla. Aug. 13, 2018), *report and recommendation adopted*, 2018 WL 5098883 (S.D. Fla. Aug. 29, 2018) (holding that allegations of agreement to perform services in exchange for payment of an hourly wage plus earned tips would be sufficient to state a claim for the agreed wage plus tips that plaintiff allegedly did not receive.); *Aseguradora Colseguros S.A. v. Reinhausen Mfg., Inc.*, 2015 WL 5735231, at *3 (M.D. Fla. Sept. 29, 2015) (finding allegations of an oral contract, material breach of that contract, and damages were sufficient for a breach of oral contract claim).

---

[2] It is not clear from the complaint whether the agreement was oral or reduced to writing. However, either way, Plaintiff has sufficiently alleged a meeting of the minds on the agreed-upon essential terms to survive dismissal.

The Court must address one last matter. Hampton attaches what purports to be a "payroll journal" as Exhibit 1 to its Motion to Dismiss. (Doc. 17-1). It appears to be a summary of earnings, hours worked, withholdings/deductions, and net pay allocations during Rinehart's employment. The exhibit is not authenticated with an accompanying affidavit or declaration. Hampton uses the exhibit to support its contention that it paid Rinehart her regular hourly wage for all hours worked, and requests that the Court take judicial notice of it. (Doc. 17 at 11).

"A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). Under appropriate circumstances, however, a court may take judicial notice of and consider documents attached to a motion to dismiss or response (without converting it to a motion for summary judgment), when they are "central" to a plaintiff's claims and are not subject to reasonable dispute. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010)[3] (citing Fed. R. Evid. 201(b)). Federal courts have discretion to consider or disregard the submissions of materials outside the pleadings accompanying

---

[3] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority." *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (citing 11th Cir. R. 36-2).

6

a Rule 12(b)(6) motion. *See Harper v. Lawrence County,* 592 F.3d 1227, 1232 (11th Cir. 2010).

Here, the payroll document is not undisputed—it is not even authenticated—and is not proper for judicial notice or consideration without converting the motion into a motion for summary judgment. The Court declines to do so and exercises its discretion to disregard it at this stage of the litigation.

Accordingly, it is

**ORDERED:**

Defendant Hampton Golf, Inc.'s Motion to Dismiss Count II of Plaintiff's Amended Complaint, (Doc. 17), is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 29, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record